# BAIRD QUINN LLC

ATTORNEYS AND COUNSELORS AT LAW
*THE BUSHONG MANSION*
2036 E. 17th Avenue
Denver, Colorado  80201
Tel: 303.813.4500  •  Fax: 303.813.4501

J. Mark Baird

Direct: 303.320.5868
jmb@bairdquinn.com

June 25, 2020

**Via CM/ECF**

Hon. R. Brooke Jackson
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, Colorado 80294-5589

**Re:** *Kurtz v. The Vail Corp.*
U.S. District Court. Case No. 1:20-cv-00500-RBJ-NYW

Dear Judge Jackson:

This letter-brief responds to Defendant Vail Corporation's June 19 letter-brief that seeks permission from this Court to file a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff Debra Kurtz understands that the purpose of this pre-motion procedure is to give the Court a preview of planned motion practice to help it "determine what the next steps should be." Hon. Jackson Practice Standards (12/1/2019). A fair reading of Vail's letter-brief shows that Vail does not warrant a more developed motion, as it relies on a crabbed reading of the controlling Complaint and caselaw.

**Background:**   Vail's brief summary of the Amended Complaint's facts is fair with a single important exception. The letter characterizes the Amended Complaint as alleging that "15 mutual funds options were imprudent," (Letter Br., p. 1), which suggests that Kurtz's issue is with the original investment selection of these funds. That's incorrect; the Amended Complaint specifically disclaims that theory and instead argues that Vail's *subsequent monitoring* of these investment choices breached its duties of prudence and loyalty, as Vail's chosen investment options consistently underperformed – yet cost more – compared with other investment choices. (Amended Complaint, ¶ 28); *Ramos v. Banner Health*, 2020 U.S. Dist. LEXIS 88639 at *112-113 and 168-171 (D. Colo. May 20, 2020) (fiduciary found liable at trial for failure to monitor reasonableness of fees). That distinction is important, as discussed below.

Hon. R. Brooke Jackson
June 25, 2020
Page 2 of 4

**Prudence Claim:**   A fiduciary can breach its duty of prudence if it fails to monitor and remove imprudent investment options. *See Tibble v. Edison Int'l*, 135 S. Ct. 1823, 1829 (2015). It is no defense to offer a "reasonable array" of options that includes some good ones, and then "shift[]" the responsibility to plan participants to find them. *Tussey v. ABB, Inc.*, 746 F.3d 327, 335-36 (8th Cir. 2014).

Kurtz's claims are appropriately described as "share class claims" – where Vail has chosen more expensive shares of the same mutual funds for no prudent reason, (*e.g.,* Amended Complaint, ¶ 33) – and "passively managed funds claims" – where Vail chose actively-managed investments over identical but more productive and less costly passively-managed funds (*e.g.,* Amended Complaint, ¶41).

As to the "share class claims," Vail argues that "there is an [] alternative explanation" for its share class investments (Letter Br., p. 2). But even if the math supporting Vail's "alternative explanation" worked (and the Amended Complaint says it doesn't, ¶ 37), Vail here misunderstands the legal standard. "Alternative explanations" don't compel dismissal under Rule 12; its legal standard requires dismissal only where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Thus, even assuming that Vail's argument is correct – a presumption to which it is not entitled on its motion to dismiss – it cannot result in dismissal. As to Vail's arguments concerning actively managed funds, all three "problems" offered by Vail rely on recasting Kurtz's claims from a "failure to monitor" to "improper investment choice in the first instance." Thus, Vail's argument here is directed at a strawman, and it doesn't warrant any more attention in a motion.

**Duty of Loyalty:**   ERISA's duty of loyalty requires fiduciaries to act "*solely in the interest of the participants* and beneficiaries" and "for the exclusive purpose of…providing benefits to participants and their beneficiaries." 29 U.S.C. § 1104(a)(1). The Amended Complaint asserts that Vail managed a deeply flawed decision-making process tainted by lack of diligence and effort (Amended Complaint, ¶¶ 30-48). These allegations show that Vail knew that identical funds with lower fees existed, but year after year did nothing to the detriment to Plan participants – thus establishing a breach of the duty of loyalty. 29 U.S.C. § 1104(a)(1); *Ramos* at *126. .

**Standing:**   Finally, Vail argues that Kurtz is without Article III standing to bring claims concerning funds in which she did not invest. This argument ignores (1) that Kurtz alleges that Vail's breach of fiduciary duty harmed the plan, (2) the nature of the 1132(a)(2) claim, whose "plain language … compels [the] conclusion" that a plan participant has "standing to seek recovery for losses to their pension plan," *Tullis v. UMB Bank, N.A.,* 515 F.3d 673, 679 (6th Cir. 2008), and (3) the great weight of authority on the question, of which *Tussey v. ABB, Inc.* is representative:

> The Fidelity Defendants' argument that Tussey cannot advance any claims for investment options which he never elected is not persuasive because the losses occurred to the Plan as a whole. The standing inquiry in this context requires only that Tussey prove, for example, that the Fidelity Defendants steered ABB's investment options toward unjustifiably expensive funds. If, but for the breach, the Fund would have earned more than it actually earned, there is a 'loss' for which the breaching fiduciary is liable. Tussey is not required to demonstrate his personal standing at all points throughout the class period in order to satisfy Article III's case or controversy requirement.

2007 U.S. Dist. LEXIS 88668, *6-7 (W.D. Mo. Dec. 3, 2007) (citations omitted) ; see also *Ramos*, at *12-13 and 115 (Plaintiffs represent owners of all Plan assets with consideration of whether they invested in specific funds). *Tussey*, and not the handful of cases located by Vail, represents the overwhelming consensus on this issue,[1] and Vail offers no reason to stray from it.

---

[1] *See, e.g., Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 156-158 (S.D.N.Y. 2017) ("The fact that only some of these alleged losses manifested themselves in the named plaintiffs' individual accounts does not deprive plaintiffs of their standing to seek redress on behalf of the Plan for the broader injuries the Plan incurred."); *Hay v. Gucci Am., Inc.*, 2018 U.S. Dist. LEXIS 171193, *9 (D.N.J. Oct. 2, 2018) (holding "a plaintiff can establish constitutional standing to bring representative claims by pointing to injuries to Plan assets.") (citations omitted); *Cryer v. Franklin Templeton Res., Inc.*, 2017 U.S. Dist. LEXIS 150683, *11 (N.D. Cal. July 26, 2017) ("[I]n determining constitutional standing, courts look not to individual funds but to the nature of the claims and allegations to determine whether the pleaded injury relates to the defendants management of the Plan as a whole."); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2016 U.S. Dist. LEXIS 104244, *13 (C.D.Cal. Aug. 5, 2016) ("Plaintiffs adequately allege constitutional standing as to all the challenged funds in the Plan at issue, including funds in which Plaintiffs did not invest."); *McDonald v. Edward D. Jones & Co., L.P.*, 2017 U.S. Dist. LEXIS 10820, *5 (E.D. Mo. Jan. 26, 2017) ("a plan participant may seek recovery for the plan even where the participant did not personally invest in every one of the funds that caused an injury to the plan."); *Taylor v. United Techs. Corp.*, 2008 U.S. Dist. LEXIS 43655, *9 (D. Conn. June 3, 2008) ("[T]he loss to the Plan assets due to excessive fees or impaired returns represents a concrete and actual injury to satisfy standing."); *Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 567 (D. Minn. 2014) (finding that plaintiffs did not lack standing to pursue claims based on funds in which they did not invest); *Glass Dimensions, Inc. v. State St. Bank & Trust Co.*, 285 F.R.D. 169, 175 (D. Mass. 2012) (finding the plaintiff "has established constitutional standing with respect to the 257 funds that it did not purchase."); *Walsh v. Marsh & McLennan Cos.*, 2006 U.S.

**Conclusion:** Vail has failed to make its case, and extended briefing on the issues it raised won't help matters. The Court should order Vail to answer the Amended Complaint.

Sincerely,

/s/ J. Mark Baird

J. Mark Baird
BAIRD QUINN LLC

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing, was filed with the Court and served electronically via the CM/ECF system on this 25th day of June, 2020, which will send notification to all counsel of record, addressed to the following:

| Alexander White<br>Edward Timothy Walker<br>**Vail Resorts Management Company**<br>390 Interlocken Crescent<br>Suite 1000<br>Broomfield, Colorado 80021<br>Alexander.white@vailresorts.com<br>etwalker@vailresorts.com | Benjamin Isaac Friedman<br>Mark B. Blocker<br>**Sidley Austin LLP-Chicago**<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Benjamin.friedman@sidley.com<br>mblocker@sidley.com |
|---|---|
| Michael James Hofmann<br>**Bryan Cave Leighton Paisner LLP**<br>1700 Lincoln Street<br>Suite 4100<br>Denver, Colorado 80203<br>Michael.hoffman@bclplaw.com | |

/s/ Diane Burns
OF Baird Quinn LLC

---

Dist. LEXIS 12020 (D. Md. Feb. 27, 2006) ("[I]t does not matter, at least for the purpose of constitutional standing, that [the plaintiff] [had] not invested in [certain] funds.").