IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00500-RBJ

DEBRA KURTZ, individually, and as representative
of a Class of Participants and Beneficiaries, on Behalf
of the Vail Resorts 401(k) Retirement Plan,

        Plaintiff,

v.

 THE VAIL CORPORATION,

        Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
UNDER RULES 12(b)(1) AND 12(b)(6)**

Plaintiff's Opposition (Dkt. 36) confirms that the Court should dismiss the Amended Complaint.

Standing. Plaintiff does not dispute that she never invested in 10 of the 15 challenged options and will not receive any recovery related to those options. Plaintiff claims she still has standing for two reasons, neither of which has merit. First, she argues that because Section 1132(a) of ERISA allows her to sue on behalf of the Plan, she can sue for any losses to the Plan even if she does not benefit. Opp. Br. 7. But the Supreme Court just rejected that exact argument, holding that section 1132 does not provide standing and a participant does not "automatically satisfy[y] the injury-in-fact requirement" anytime a plan suffers losses. *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1620 (2020). Instead, Plaintiff has to show that the losses affected her own benefits. *Id.* And it is no answer to point out that *Thole* involved a defined-benefit plan because the principle is exactly the same for defined-contribution plans. Indeed, as many pre-*Thole* cases pointed out, to have "standing to sue about their defined contribution Plan," a defined-contribution plan participant must show that the fiduciary breaches "impair[ed] h[er] individual

account's value." *Wilcox v. Georgetown Univ.*, No. 18-422, 2019 WL 132281, at *8 (D.D.C. Jan. 8, 2019); *see also* Vail Br. 7–8 (Dkt. 34) (collecting cases). In *Wilcox*—which the Opposition wrongly claims involved a defined-benefit plan—the court held that Plaintiffs did not have standing to bring claims challenging options in which they did not invest. 2019 WL 132281, at *9 (plaintiffs "clearly cannot allege [standing] as to the . . . investment option[s] neither Plaintiff selected"). All of the cases on which Plaintiff relies for the contrary proposition conflict with the fundamental holding in *Thole.*

Second, Plaintiff seems to suggest that, because she is bringing a "single claim" related to all 15 funds, she satisfies the standing requirement. Opp. Br. 6. But that is wrong too because the prudence of each fund will have to be separately evaluated. *Patterson v. Stanley*, No. 16-cv-6568, 2019 WL 4934834, at *6 (S.D.N.Y. Oct. 7, 2019). The attack on each fund thus represents a distinct claim and Plaintiff must establish an Article III injury-in-fact for each fund (which she cannot do). *See id.*; *Barrett v. Pioneer Nat. Res. USA, Inc.*, No. 17-cv-1579, 2018 WL 3209108, at *3–4 (D. Colo. June 29, 2018).

Actively-Managed Funds Claim. Standing aside, Plaintiff has not identified *a single case* holding that actively managed mutual funds are *per se* imprudent. Plaintiff does not dispute that is the sweeping pronouncement she is asking the Court to make—that ERISA fiduciaries can *never* "justify selecting actively managed funds over passively managed ones." AC ¶ 45. And she has no answer to the abundant case law holding that simply alleging the availability of cheaper, passively managed options does not state a plausible breach-of-fiduciary duty claim. *See, e.g.*, *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 823 (8th Cir. 2018); *Rosen v. Prudential Ret. Ins. & Annuity Co.*, No. 15-cv-1839, 2016 WL 7494320, at *15 (D. Conn. Dec. 30, 2016) *aff'd*, 718 F. App'x 3 (2d Cir. 2017).

2

Plaintiff's only substantive response relies on *Brotherston v. Putnam Investments, LLC*, 907 F.3d 17 (1st Cir. 2018) *cert. denied*, 140 S. Ct. 911 (2020), but that case did not hold that actively managed funds are *per se* imprudent. That case evaluated a claim that Putnam chose to retain its own actively managed funds for a conflicted reason: that they were Putnam's own funds and therefore Putnam benefited financially. 907 F.3d at 33. Plaintiffs used passively managed funds as a performance benchmark to evaluate damages, *id*. at 32–33, but that does not amount to a holding that all actively managed funds are imprudent. Actively managed funds certainly can be found to be imprudent, but not for the reason Plaintiff alleges here—that the only prudent options are passively managed funds. And, because Plaintiff has not identified any other reason why the Plan's actively managed options were imprudent, this theory fails.

Lowest-Share-Class Claim. The Opposition contends that it "made no sense" for Vail to offer higher-cost share classes, Opp. Br. 11, but as Vail pointed out, those higher-cost share classes paid revenue sharing (the Amended Complaint calls them "rebates") that the Plan used to reduce the amount participants paid for recordkeeping. *See* AC ¶ 37. The Opposition all but ignores this pivotal fact. Plaintiff's only response is to repeat the Amended Complaint's allegation that the "revenue sharing doesn't make up the difference between costs of different share classes." Opp. Br. 13. Vail explained in its opening brief that this allegation is meaningless, and gave a numerical example to explain why—participants benefit from revenue sharing payments. Vail Br. 13. Plaintiff contends that this explanation "conflicts with the Amended Complaint," Opp. Br. 13 (emphasis omitted), but again never explains why. Plaintiff's failure to address these arguments confirms that there is no viable share-class claim here.[1]

---

[1] Plaintiff also argues that not every alternative explanation warrants dismissal, citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009). That is true, but what *Braden* was talking about is engaging in speculation about defendant's motives or requiring a complaint to allege facts ruling out every lawful explanation. *Braden,* 588 F.3d at 597. That is not what Vail is

3

The Opposition claims this case is just like *Kruger v. Novant Health, Inc.*, 131 F. Supp. 3d 470 (M.D.N.C. 2015), but that case is easily distinguished. Plaintiffs there alleged that revenue sharing was "actually being used to provide additional payments in the form of 'kickbacks'" to the plan's recordkeeper and resulted in the Plan paying a fee that was "not reasonable compensation for services rendered" by the recordkeeper. *Id*. at 473, 478–79. In other words, the *Kruger* plaintiffs alleged that the revenue sharing amounts associated with higher cost share classes were *not* used to benefit plan participants, and instead, actually harmed plan participants. Exactly the opposite is true here: Plaintiff does not dispute that revenue sharing was used to benefit participants, and she does not allege that the Plan's recordkeeping fee was improper either. Plaintiff's lowest-cost-share-class claim therefore should be dismissed.

Duty of Loyalty Claim. The Opposition's response to the duty-of-loyalty claim consists of a single sentence in which she declares: "Vail oversaw a deeply flawed decision-making process tainted by lack of diligence and effort" and that alone is sufficient. Opp. Br. 14. But that is not enough to state a duty-of-loyalty claim. Lack of diligence and effort do not show a breach of loyalty; a viable loyalty breach claim requires allegations that Vail acted to benefit itself or a third party, and there are no such allegations here. Plaintiff is simply trying to "piggyback off [her] prudence claims," which she cannot do, *Cassell v. Vanderbilt Univ.*, 285 F. Supp. 3d 1056, 1062 (M.D. Tenn. 2018), and instead "must differentiate between breach of the duty of prudence and breach of the duty of loyalty." *White v. Chevron Corp.*, No. 16-cv-763, 2016 WL 4502808, at *5 (N.D. Cal. Aug. 29, 2016). Here, the Amended Complaint contains no allegations from which this Court can infer a loyalty breach.

---

asking the Court to do here; the Amended Complaint itself explains the obvious alternative explanation (reinforced by the Plan's public Form 5500 filing), and that is sufficient to warrant dismissal.

Plaintiff's reliance on *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 599–600 (8th Cir. 2009) is misplaced. *Braden* allowed a loyalty claim to proceed because the complaint alleged that the challenged fund was chosen only "because it made payments to the trustee, and not because it was a prudent investment." *Id*. In other words, *Braden* alleged that the actions were taken with the purpose of benefitting a third-party, and did not simply recast allegations of fiduciary breach. The Amended Complaint does not include any comparable allegations, so the duty-of-loyalty claim should also be dismissed.

## CONCLUSION

Accordingly, the Court should dismiss Plaintiff's Amended Complaint with prejudice.

DATED:  August 20, 2020                             SIDLEY AUSTIN LLP

By: */s/* Benjamin I. Friedman
Mark B. Blocker
Benjamin I. Friedman
Sidney Austin LLP
One South Dearborn
Chicago, Illinois  60603
Telephone: (312) 853-2030
Facsimile:  (312) 853-7036
Email: mblocker@sidley.com
           benjamin.friedman@sidley.com

Michael J. Hofmann
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Email: Michael.Hofmann@bclplaw.com

*Attorneys for Defendant The Vail Corporation*